IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLEY RAY DENWITTY,<br><br>Defendant. | CASE NO. 1:11-CR-00393 LJO<br><br>AMENDED ORDER GRANTING[1] MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>COURT: Hon. Lawrence J. O'Neill |

The defendant filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The government opposed the defendant's request despite acknowledging that the defendant is eligible for the reduction. The government argued that the Court should exercise its discretion to deny the reduction in light of the defendant's extensive criminal history and the government's concessions in the original plea agreement. Doc. 54. The defendant argued that the Government previously agreed that it was appropriate to sentence him to the low end of the guideline range and that there has been no change in circumstances, outside of a sentencing guideline reduction, which would now change their prior agreement. Furthermore, the defendant argued that his criminal history was accounted for at the time of his original sentencing. Doc. 56.

---

[1] The previously-docketed version of this order inadvertently indicated in the heading that it was denying the pending motion. This amended version alters the heading. No other aspect of the order is modified.

This Court hereby grants the defendant's motion, after due consideration of the Section 3553(a) factors, including the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

## I. FACTS

On November 10, 2011, the defendant was charged by indictment with conspiring to distribute cocaine base and with distribution of cocaine base. Doc. 1. On November 5, 2012, the defendant pleaded guilty to distribution of cocaine base. Docs. 22, 23. As part of the plea agreement, "the government agree[d] to recommend that the defendant be sentenced at the bottom of the applicable guideline range or the mandatory statutory minimum, whichever [was] greater." Doc. 22.

The final Presentence Report recommended the following guidelines computation: the Base Offense Level was 26 pursuant to U.S.S.G. § 2D1.1 because the amount of cocaine base involved in the offense was 34.2 grams, less three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 23. The defendant was in a criminal history category of VI. The guideline range was 92 to 115 months. The PSR recommended a sentence at the high end of the guideline range, 115 months.

On February 26, 2013, this Court adopted the PSR without change, except that deferred to the parties' agreement to a sentence at the low-end of the range, and sentenced the defendant to a term of 92 months in prison, a 48-month term of supervised release, and a mandatory $100 penalty assessment. Docs. 26, 27.

The defendant now moves to reduce his sentence, attempting to take advantage of the amendments to the sentencing guidelines that lowered the offense levels for most drug quantities by two.

## II. DISCUSSION

As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v. United States*, 130 S.Ct. 2691 (2010); *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). Section 3582(c)(2) states a limited exception to this rule, authorizing district courts to modify an imposed sentence "in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).

Pursuant to statutory authority, on April 30, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types and the amendment took effective on November 1, 2014. Subsequently, on July 18, 2014, the Commission voted to make Amendment 782 retroactively applicable to previously sentenced defendants and promulgated Amendment 788, limiting the effective date of the amendment to November 1, 2015. The defendant's amended Base Offense Level is 24 pursuant to USSG § 2D1.1, less three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 21. The defendant is in a criminal history category of VI. The amended sentencing range is 77 to 96 months. Therefore, the defendant is eligible for consideration of a reduction, as his sentencing range has been subsequently lowered by the Sentencing Commission.

Turning to step two, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id.* app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

The Court is to consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. The Section 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. The Ninth Circuit held that Section 3553(a) factors need only be taken into consideration to the extent that they are applicable to the particular defendant petitioning for a reduction in his sentence. *United States v. Aguilar-Ayala*, 120 F. 3d 176, 179 (9th Cir. 1997).

The Government urges the Court to particularly consider public safety when resentencing the defendant. The Government bases its argument, however, not on new evidence of the threat the defendant currently poses to society, but on the defendant's criminal history. The defendant's criminal history remains unchanged since the time of his original sentencing, and therefore the Court believes he poses no more of a threat now than he did when he was originally sentenced. The sentencing guidelines "instruct[] courts proceeding under section 3582 (c)(2) to substitute the amended Guidelines range for the original Guidelines range, and then to 'leave all other guideline application decisions unaffected.' U.S.S.G. § 1B1.10(b)(1)." *United States v. Fox*, 631 F. 3d 1128, 1131 (9th Cir. 2011). As the Court has not been presented with any information that effects the other guideline applications, it elects to merely substitute the amended guideline range for the range used at the time of sentencing.

The Court further notes that at his originally sentencing the Government agreed that the defendant should be sentenced to the low end of the guidelines. "Plea agreements are contractual in nature and are measured by contractual standards." *United States v. De la Fuente,* 8 F.3d 1333, 1337 (9th Cir. 1993). At the time of sentencing, the Government agreed to the bottom of the applicable sentencing range. The Court sees no cause to depart from that agreement in light of the amended guideline range.

### III.   ORDER

Based on the foregoing, the defendant's motion for reduction of sentence pursuant to Title 18, United States Code, Section 3582(c)(2) is hereby **GRANTED**. The defendant is resentenced to a term of imprisonment of 77 months.  All other conditions of the defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated:   **May 21, 2015**             /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE